# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRIAN S. JOHNSON,**

    **Plaintiff,**

    v.

    Civil Action 2:12-cv-972
    Judge Peter C. Economus
    Magistrate Judge Elizabeth P. Deavers

**THE STATE OF OHIO,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Johnson's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 3.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's certified trust fund statement reveals that he currently possesses the sum of nine cents in his prison account, which is insufficient to pay the full filing fee.  His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $132.85.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Identification Number A621262) at Belmont Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the

inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety.

## I.

Plaintiff is a state inmate who is proceeding without the assistance of counsel. He brings this action under 42 U.S.C. § 1983, alleging that his due process rights were violated when he was indicted without a preliminary hearing. Then entirety of his Complaint provides as follows:

> Now comes Brian S. Johnson, whom initiates this complaint against the State of Ohio pursuant to 28 U.S.C. § 1331. The Plaintiff details the following events for which the Defendant is in violation of the Constitution of the 14th Amendment Due Process Violation.
>
> The Plaintiff states that he did not waive his right to a Preliminary Hearing

> at any time during the proceedings against him in regards to the above captioned case number. On August 1, 2011, the Plaintiff was denied his Preliminary Hearing and indicted without being allowed to appear and defend in person and with counsel; to review the evidence against him; to demand the nature and cause of accusation(s) against him; to meet witness(es) face to face; and to have compulsory process to procure the attendance of witness(es) on his behalf in violation of Due Process of the 14th Amendment of the Constitution of the United States.

(Complaint 1, ECF No. 1.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See*

---

[1]Formerly 28 U.S.C. § 1915(d).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than

4

formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

The undersigned concludes that Plaintiff's Complaint, which challenges the constitutionality of his indictment without a preliminary hearing, fails to state a claim. This Court has previously explained that direct indictment does not violate the Constitution:

> The constitutional purpose of an indictment is to give the defendant fair notice of the criminal charge and to insure that a defendant is not held to answer for a crime unless a grand jury has determined there is probable cause that he committed the crime by returning the indictment. *See, United States v. Pandilidis*, 524 F.2d 644, 648 (6th Cir. 1975). Since petitioner's criminal prosecution proceeded by indictment, he was afforded the constitutional protections an indictment provides.
>
> The term direct indictment simply means that no criminal complaint was first filed against a defendant. There is no constitutional or statutory requirement that a criminal prosecution begin by complaint. It is lawful for a prosecutor to bring a criminal charge initially by indictment.

*Smith v. Miller*, No. 2:09-cv-468, 2009 WL 2246157, at *2 (S.D. Ohio July 23, 2009). *See also Zaffino v. Konteh*, No. 5:05-cv-1485, 2006 WL 2360902, at *3–5 (N.D. Ohio Aug. 15, 2006) (concluding that no constitutional due process claim exists where a trial court fails to provide a defendant with a preliminary hearing prior to indicting him); *Gibson v. O'Conner*, No. 2:12-cv-120, 2012 WL 995641, at *4 (S.D. Ohio Mar. 2012) ("[A]ny constitutional challenge to the state court's failure to hold a preliminary hearing fails."). Accordingly, it is recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim.

## IV.

For the reasons set forth above, Plaintiff Johnson's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 3.) In addition, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

6

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  January 17, 2013               /s/ *Elizabeth A. Preston Deavers*
                        Elizabeth A. Preston Deavers
                        United States Magistrate Judge